# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                          )<br>                         Plaintiff,     )<br>                                                          )<br>vs.                                                  )<br>                                                          )<br>WILLIAM AUBREY, et al.,            )<br>                                                          )<br>                         Defendants. )<br>_____) | Case No. 2:09-cr-00206-RLH-PAL<br><br>**ORDER**<br><br>(Various Disc'y Mtns - Dkt ##35, 36, 38, 39) |

This matter is before the court on Defendant William Aubrey's Motion for Notice of Intent to Introduce Evidence Pursuant to Rule of Evidence 404(b) (Dkt. #35); Aubrey's Motion to Inspect and Produce Personnel Files of Federal Law Enforcement Officers (Dkt. #36); Aubrey's Motion for Follow-Up Discovery Based Upon the Review of the Discovery to Date in this Complex Case (Dkt. #38); and Defendant Chester Carl's Motion to Join Dkt. ##36 and 38 (Dkt. #39). The government filed Responses to Aubrey's 404(b) Motion (Dkt. #40), Aubrey's Law Enforcement Personnel Files Motion (Dkt. #41), and Aubrey's Motion for Follow-up Discovery (Dkt. #43). Aubrey replied to each (Dkt. ##46, 47, 45, respectively). The court has considered, the Motions, the Responses, and the Replies.

**I.       Motion for Rule 404(b) Evidence (Dkt. #36).**

Aubrey seeks an order, pursuant to Rule 404(b) of the Federal Rules of Evidence ("FRE"), directing the government to provide reasonable notice in advance of trial of the general nature of any evidence under FRE 404(b) that the government deems admissible. Aubrey asserts that thirty days in advance of trial is reasonable notice and proposes disclosure be made at the September 29, 2010, calendar call.[1] In response, the government states that it has no objection to this proposed time frame.

---

[1] Since the time this Motion was filed, calendar call and trial have been continued by stipulation of the parties to February 23, 2011, and February 28, 2011, respectively.

1  In reply, Aubrey argues that because the government has no objection to his proposal, the court should
2  order the same.
3     Rule 404(b) of the Federal Rules of Evidence governs the admissibility of other crimes, wrongs,
4  or acts of the accused. That rule provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed.R.Evid. 404(b).

Reasonable notice reduces surprise and promotes early resolution of issues regarding admissibility of evidence. *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999); Fed.R.Evid. 404(b) Advisory Committee Note, 1991 Amendment. "[N]o specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." *Id.* "[T]he defense must present a timely request sufficiently clear and particular, in an objective sense, to fairly alert the prosecution that the defense is invoking its specific right to pretrial notification of the general nature of all Rule 404(b) evidence the prosecution intends to introduce at trial." *United States v. Tuesta-Toro*, 29 F.3d 771, 775 (1st Cir. 1994).

In response, the prosecution need only provide a generalized notice provision apprising the defense of the general nature of the evidence of extrinsic acts. Fed. R. Evid. 404(b) Advisory Committee Note, 1991 Amendment. However, "[t]he court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness." *Id.* "Failure to provide notice or obtain an excuse from the district court, renders the other acts evidence inadmissible . . . ." *Vega*, 188 F.3d at 1153. Rule 404(b) does not supercede other rules of admissibility or disclosure, such as the Jencks Act. *See* Fed.R.Evid. 404(b) Advisory Committee Note, 1991 Amendment. Here, the government has already agreed to provide Aubrey with the Rule 404(b) discovery he seeks. Accordingly, the motion will be denied as moot.

///
///

**II.     Motion to Inspect Law Enforcement Personnel Files (Dkt. #36).**

Aubrey seeks an order, pursuant to the Due Process Clause of the Fifth Amendment and governing case law, requiring the government to inspect and produce the personnel files of all federal law enforcement officers it intends to call as witnesses at trial, including the following witnesses identified in written discovery: Forensic Auditor James Hoogoian, Special Agent Joshua Stockman, and Special Agent Marco Ponce–all employed by the United States Department of Housing and Urban Development, Office of Inspector General.

In response, the government states that it has requested review of these employees' personnel files, and that it is well aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991), concerning agent trial witnesses and the search for possible impeachment material.  The government states that once the agencies report back to it with the relevant personnel files, it will make a determination of whether the material should be disclosed or whether an *in camera* review should be made.  In reply, Aubrey concedes the government "has begun to comply with its duty to examine the personnel files of the federal law enforcement officers it intends to call as witnesses at trial." Accordingly, the Motion to Inspect (Dkt. #36) will be denied as moot.

**III.    Aubrey's Motion for Follow-up Discovery (Dkt. #38).**

Aubrey states that discovery is on-going in this case, and the parties have been engaging in good faith to resolve discovery disputes in this case.  The Motion represents that the parties have scheduled a meeting to attempt to resolve the discovery disputes set forth in the Motion, and "it is likely based upon the ongoing discussions that a resolution appropriate to all sides will be reached." Aubrey requests the court refrain from hearing this Motion until after September 3, 2010.  In response, the government states that is undertaking substantial efforts to comply with Aubrey's requests, even to the extent that many items requested in the Motion are equally available to Aubrey.  The government agrees that the court should refrain from any action on the Motion until after September 3, 2010.  On September 3, 2010, Aubrey filed a Reply (Dkt. #45) to update the court on the status of the parties' discovery dispute resolution.  The Reply represents that Aubrey believes the parties have resolved the issues raised in the Motion, but he reserves his right to renew the request in the future should the need arise.  Based upon these representations, the Motion for Follow-up Discovery (Dkt. #38) will be denied as moot.

Having reviewed and considered the matter, and for the foregoing reasons,

**IT IS ORDERED**:

1. Aubrey's Motion for Rule 404(b) Evidence (Dkt. #35) is DENIED AS MOOT.
2. Aubrey's Motion for Law Enforcement Personnel Files (Dkt. #36) is DENIED AS MOOT.
3. Aubrey's Motion for Follow-Up Discovery (Dkt. #38) is DENIED AS MOOT.
4. Defendant Carl's Motion to Join Dkt. ##36, 38 is GRANTED.

Dated this 19th day of November, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE