UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>vs.<br><br>WILLIAM AUBREY, et al.,<br><br>                      Defendants. | Case No. 2:09-cr-00206-RLH-PAL<br><br>**ORDER AND REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mtn to Dismiss - Dkt. #37)<br>(Mtn to Join - Dkt. #39) |

This matter is before the court on Defendant William Aubrey's Motion to Dismiss Count One Pursuant to Wharton's Rule (Dkt. #37) and Defendant Chester Carl's Motion to Join the Motion to Dismiss (Dkt. #39). The court has considered the Motions, the government's Opposition (Dkt. #42), and Aubrey's Reply (Dkt. #48).

**BACKGROUND**

Defendants William Aubrey and Chester Carl were charged in an Indictment (Dkt. #1) returned by the grand jury on May 19, 2009. The Indictment alleges the following: in Count One, Conspiracy, in violation of 18 U.S.C. § 371 against Aubrey and Carl; in Counts Two and Three, Bribery Relating to Federal Program Funds, both in violation of 18 U.S.C. § 666 against Aubrey and Carl, respectively; in Count Four, Embezzlement and Theft From Indian Tribal Organizations, in violation of 18 U.S.C. § 1163 against Aubrey; and in Count Five, Aiding and Abetting, in violation of 18 U.S.C. § 2 against Aubrey. Specifically, in relevant part, the Indictment (Dkt. #1) alleges that the object of the conspiracy was to engage in a bribery scheme in which Aubrey would provide Carl with bribes in return for favorable business treatment from Carl's tribal government agency, the Navajo Housing Authority. Count Two alleges Carl agreed to accept and accepted approximately $91,600 in gaming token bribes from Aubrey in exchange for favorable business treatment from Carl and the Navajo Housing

Authority. Count Three alleges Aubrey agreed to give and gave Carl approximately $91,600 in gaming token bribes in exchange for favorable business treatment from Carl and the Navajo Housing Authority.

### A. Defendants' Motion to Dismiss (Dkt. #37).

Aubrey and Carl argue that Wharton's Rule bars the government from charging them with both conspiracy and accepting/giving bribes, and therefore, Count One must be dismissed. They assert that Wharton's Rule applies in bribery prosecutions because the concurrent and several acts of two people are necessary to the act of agreeing, receiving, and giving a bribe. Defendants rely on *Ianelli v. United States,* 420 U.S. 770 (1975), and *United States v. Sager*, 49 F.2d 725, 727-28 (2d Cir. 1931), among other cases, for the proposition that where conspiracy and bribery are charged in the same indictment, the conspiracy charge should be dismissed. Defendants posit that no general conspiracy in violation of 18 U.S.C. § 371 can be charged where the object of the conspiracy is to agree to bribe and bribe in violation of 18 U.S.C. § 666. Furthermore, because all three charges require proof of an agreement to give or receive a bribe, they do not each require proof of an element the other does not, and therefore, the conspiracy charge violates Wharton's Rule and should be dismissed.

In opposition, the government asserts that Defendants have neglected to discuss relevant Ninth Circuit case law and have not included the whole of the Supreme Court's analysis in *Ianelli.* The government notes that the *Ianelli* court limited application of Wharton's Rule to crimes that impact only the participants and not society at large, such as adultery, incest, bigamy, and deuling. Here, the crimes Aubrey and Carl are charged with have immediate consequences that impact society at large. The government cites nine Ninth Circuit opinions addressing Wharton's Rule since the Supreme Court's decision in *Ianelli*. Furthermore, the Ninth Circuit has not applied Wharton's Rule to prosecutions under 18 U.S.C. § 666, but three other circuits have determined that it does not apply. The government argues the Eleventh Circuit's rationale in *United States v. McNair*, 605 F.3d 1152 (11th Cir. 2010) is persuasive because the plain language of § 666 indicates that Congress did not intend to merge the substantive offense of § 666 with a conspiracy charge under § 371. Lastly, the government argues that the cases cited by Aubrey and Carl are antiquated and were decided when conspiracy law was in a state of flux. The government asserts pre-*Ianelli* case law should be approached "with a certain level of suspicion."

In reply, Aubry and Carl contend that the Supreme Court did not establish a bright line rule or provide a litmus test in *Ianelli* that Wharton's Rule is inapplicable where the crime charged impacts society at large. Instead, Defendants assert the Supreme Court examined the indictment and the statutes at issue to determine whether the whether the conspiracy charge and the substantive offense merged. Here, § 666 incorporates the language "corruptly . . . agrees to give" and "corruptly . . . agrees to accept," and therefore, its very terms make it a violation, in connection with programs receiving federal funds, to solicit a bribe, to attempt to accept or accept, or attempt to give or give a bribe. Thus, a conspiracy or agreement to give or accept a bribe merges into the substantive offense of giving or receiving a bribe.

## DISCUSSION

Pursuant to Federal Rules of Criminal Procedure, Rule 12(b), "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." In determining a motion to dismiss an indictment, "a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true." *United States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000) (*citing Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954), *cert. denied*, 349 U.S. 922 (1955)). The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (*citing United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)).

Generally, a defendant can be convicted of both conspiracy to commit a crime and the substantive crime itself. *Ianelli,* 420 U.S. at 777. Courts have recognized that "collective criminal agreement–partnership in crime–presents a greater potential threat to the public than individual delicts. . . . The basic rationale of the law of conspiracy is that a conspiracy may be an evil in itself, independently of any other evil it seeks to accomplish. *Id.* at 1290 (*internal citation omitted*). Wharton's Rule is a narrow common law exception which provides that a defendant cannot be punished for conspiracy and a substantive offense if the substantive offense requires the participation of two people. *Id.* at 773, 781-82. Historically, Wharton's Rule has only been applied to "those offenses requiring concerted criminal activity and congruence between the agreement and the offense, such as

3

adultery, incest, bigamy and dueling." *United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989). Further, the Rule requires that: (a) the parties to the agreement are the only parties who commit the substantive offense; (b) the immediate consequences of the crime rest solely on the participants; and (c) the agreement constituting the substantive offense is unlikely to pose any threat to society which conspiracy laws are intended to prevent, such as a continuing pattern of criminal conduct. *Id.* (*citing Ianelli*, 420 U.S. at 782-4). The Ninth Circuit has recognized that the "Rule has current vitality only as a judicial presumption, to be applied in the absence of legislative intent to the contrary. *Id. (citing Ianelli*, 420 U.S. at 782); *see also United States v. Kearny,* 560 F.2d.1358, 1366 (9th Cir. 1977). Furthermore, the focus of a Wharton's Rule analysis must be on the statutory elements of the substantive offense charged rather than on the evidence offered to prove the charge. *See Ianelli,* 420 U.S. 1294-96 (analysis of 18 U.S.C. § 1955).

Neither the Supreme Court nor the Ninth Circuit have considered whether Wharton's Rule applies to prosecutions under 18 U.S.C. § 666. Four other circuit courts, however, have found that it does not apply. *See, e.g., United States v. McNair,* 605 F.3d 1152, 1215 (11th Cir. 2010) (noting Wharton's Rule "reflects an era where conspiracy law was still developing"); *United States v. Bornman*, 559 F.3d 150 (3d Cir. 2009); *United States v. Hines*, 541 F.3d 833 (8th Cir. 2008); *United States v. Morris,* 957 F.2d 1391 (7th Cir.), *cert. denied,* 506 U.S. 941 (1991) (noting the substantive offenses of paying or accepting a bribe does not require concerted activity). Similarly, the First Circuit found Wharton's Rule inapplicable in a bribery prosecution under 18 U.S.C. § 201, finding no concerted action was required to either give or accept a bribe. *See United States v. Previte*, 648 F.2d 73 (1981) (stating "Wharton's Rule is, to some extent a relic of the discredited merger doctrine and should be interpreted narrowly" and explaining "the Rule does not forbid charging both a conspiracy and the substantive offense, even when it applies . . . [it] merely forbids sentencing on both counts"). The court could find no current case law in any circuit holding that Wharton's Rule bars a prosecution for conspiracy where there is also a pending charge under § 666.[1]

---

[1] Defense counsel's reliance on *United States v. Sager*, 49 F.2d 725 (2d Cir. 1931), is misplaced. Courts in the Second Circuit have held *Sager* no longer reflects the current state of the law. *See, e.g.,*

The court agrees with the First, Seventh, Eighth, and Eleventh Circuit Courts of Appeals that Wharton's Rule does not bar prosecution for both conspiracy under § 371 and bribery under § 666. First, it does not appear, based on a reading of § 666 that Congress intended to merge the crimes under § 666 with a conspiracy charge under § 371. As the Supreme Court reasoned in *Ianelli,* "Had Congress intended to foreclose the possibility of prosecuting conspiracy offenses under § 371 by merging them into prosecutions under [another section], we think it would have so indicated explicitly." Here, the same logic applies: had Congress intended to merge charges under §§ 371 and 666, it would have indicated so explicitly.

Furthermore, the nature of the crime does not satisfy the requirements for those crimes which are covered by Wharton's Rule. Charges of bribery relating to federal program funds have immediate consequences which do not rest solely on the participants, and the agreement constituting the substantive offense is likely to pose threats to society which conspiracy laws are intended to prevent. Because the construction of homes at federal expense is likely to involve multiple construction contractors and subcontractors, the harm associated with the alleged offenses is not restricted only to Carl and Aubrey. Furthermore, misuse of government assets clearly affects society at large, and in this case, the Indictment alleges money from public coffers is used to build the various housing developments for the Navajo Housing Authority. As set forth in *McNair,* "The purpose of § 666, to protect the integrity of federal funds, indicates that the immediate consequences of the behavior it proscribes rest on society at large." 605 F.3d at 1216 (*citing Hines,* 541 F.3d at 838) (internal citations omitted). The same is true here: both the federal government and the current and prospective residents of the various housing developments were affected by the conduct alleged in the Indictment. Therefore, the court finds that Wharton's Rule is inapplicable to this case.

/ / /

/ / /

---

*United States v. Cogan*, 266 F.Supp. 374, 378 (S.D.N.Y. 1967) (finding Wharton's Rule not applicable in bribery case and noting *Sager* "not the current law"); *see also Ianelli,* 420 U.S. at 776 n. 9 (noting *United States v. Becker*, 461 F.2d 230, 234 (2d Cir. 1972), *vacated and remanded on other grounds,* 417 U.S. 903 (1974), "appears to represent a departure from the Second Circuit's earlier view").

For the foregoing reasons,

**IT IS ORDERED** that Defendant Carl's Motion to Join (Dkt. #39) is GRANTED.

**IT IS RECOMMENDED** that Defendant Aubrey's Motion to Dismiss (Dkt. #37) be DENIED.

Dated this 22nd day of November, 2010.

                                                                  _____
                                                                  PEGGY A. LEEN
                                                                  UNITED STATES MAGISTRATE JUDGE