# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>vs.<br><br>WILLIAM AUBREY,<br><br>                              Defendant. | Case No. 2:09-cr-00206-RLH-PAL<br><br>**ORDER**<br><br>(Ex Parte Mot Issue Subpoena - Dkt. #59) |

The court conducted a sealed, ex parte hearing on Defendant William Aubrey's Ex Parte Affidavit in Support of an Order for the Issuance of a Subpoena (Dkt. #59). Michael Kennedy appeared telephonically on behalf of the Defendant. The court has reviewed the seal, ex parte affidavit supporting the request for subpoena *duces tecum* issued to the Chapter 11 Trustee of the Bankruptcy Estate of Fort Defiance Housing Corp., Inc. Defendant requested a Rule 17(c) subpoena *duces tecum* requiring the witness to produce the designated items within a reasonable time frame prior to trial so that defense may integrate the same into its pretrial discovery to the prosecution and into its trial exhibits and trial examinations. The documents requested are located in a warehouse in Tucson, Arizona.

Counsel for Aubrey filed a Motion for Discovery (Dkt. #38) to which the government responded indicated that government counsel would coordinate a trip to Tucson, Arizona with counsel for all the parties to inspect, review and obtain and convert to electronic format all pertinent documents. As a result, the court entered an order denying the motion as moot. See Order (Dkt. #52). However, based on conferences with government counsel, counsel for Aubrey represents that the government has been unable to make an informal arrangement acceptable to the third-party trustee unless a court subpoena is entered. Counsel for the Defendant therefore requests issuance of the subpoena *duces tecum*

compelling the witness to produce the papers, documents and data the subpoena designates. He also requests an order that the cost of process, fees and expenses of the witness be paid as if the witness had been subpoenaed on behalf of the government.

Having reviewed and considered the matter, the court will grant Defendant's Ex Parte Request for Issuance of a Subpoena Duces Tecum. Fed. R. Crim. P. 17(c) is not a discovery device and does not authorize a party to issue a subpoena to require a witness to appear or produce documents other than at trial or a hearing before the court. However, a number of federal decisions have recognized that the court has the discretion to authorize pretrial production of documents on a particularized showing of materiality and evidentiary value. See, eg, *United States v Lieberman*, 608 F. 2d 889 (1st Cir 1979), *cert denied*, 444 U.S. 1019. Both Aubrey and the government agree that these materials should be reviewed before trial. See, Government's response (Dkt #43). However counsel represent that the materials the parties seek consist of 50-100 bankers boxes of documents. Given the voluminous nature of the materials subject to the subpoena, the court will grant the request to have the documents reviewed, examined, and copied by electronic or other means where they are located. The court will also direct counsel for Defendant Aubrey to contact counsel for the co-Defendant and government counsel to schedule a mutually convenient time for travel to Tucson, Arizona to inspect and copy and/or digitally scan the documents to minimize the burden placed on the Chapter 11 Trustee.

**IT IS ORDERED** that:

1. Defendant's Ex Parte Request for Issuance of a Subpoena Duces Tecum directed to Brenda Moody Whinery, Chapter 11 Trustee, for the Bankruptcy Estate of Fort Defiance Housing Corp., Inc. (Dkt. #59), is **GRANTED**.

2. The cost of process, fees and expenses of the witness shall be paid as if the witness had been subpoenaed on behalf of the government.

3. Counsel for Aubrey shall contact the Bankruptcy Trustee and counsel for all parties to coordinate and schedule a mutually convenient time for travel to Tucson, Arizona to inspect the documents and to coordinate digital scanning and/or copying of the items either on site or off site to minimize the burden placed on the Chapter 11 Trustee.

///

4. Counsel for Aubrey shall serve a copy of this order on the Bankruptcy Trustee.

Dated this 31st day of May, 2011.

_____
Peggy A. Leen
United States Magistrate Judge